IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAMADAU DIAWARA,                           *

v.                                         * CIVIL ACTION NO. GJH-14-2397

STATE OF MARYLAND,                         *
                                        ******

## MEMORANDUM

Self-represented petitioner, Mamadau Diawara filed the instant petition for writ of habeas corpus challenging his confinement in the Baltimore City Detention Center. ECF No. 1. Petitioner has neither paid the filing fee, nor moved for leave to proceed in pauperis, however, because he appears indigent, he shall be granted leave to proceed in forma pauperis. For the reasons that follow, the petition will be denied without prejudice as unexhausted.

Maryland Case Judiciary Research indicates that petitioner has been charged with second degree rape, third and fourth degree sexual offenses, and assault in the Circuit Court for Baltimore City. His trial is scheduled for September 24, 2014.[1]

Pretrial federal habeas relief is available under 28 U.S.C. §2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F. 2d 220, 224– 26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

---

[1] *See* Maryland Case Judiciary Research at http://casesearch.courts.state.md.us/inquiry/inquiry-index.jsp

Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F. 2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F. 2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). The alleged errors raised by petitioner in the instant case, which include, among other things, claims of denial of the right to a speedy trial and complaints regarding the performance of defense counsel, may be addressed by the trial court. Thus, the petition must be dismissed without prejudice.

A separate order follows.

7/31/2014
Date

George Jarrod Hazel
United States District Judge